**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

IN RE: In Proceedings Under Chapter 13

DWAIN D. FORBY

Debtor. Case No. 14-41229

**OPINION**

This matter is before the Court on the Trustee's objection to the proof of claim of creditor Anna Quarries, Inc. c/o Gilbert, Huffman, Prosser, Hewson & Barke, Ltd ("Anna Quarries") as untimely.

The relevant facts of this contested matter are not in dispute. Dwain D. Forby filed for Chapter 13 bankruptcy relief on November 5, 2014. The deadline for filing proofs of claim in the debtor's bankruptcy case was April 15, 2015. On April 14, 2015, one day before the deadline, counsel for Anna Quarries filed proof of claim #14-1. Claim #14-1 did not consist of Official Form 10 but, rather, was a one-page statement of account listing a total balance of $18,950.15 for goods sold.[1]

On April 15, 2015, claim #14-1 was rendered deficient by the Clerk of the Bankruptcy Court for not comporting with Official Form 10. *See* Notice to Filer of Errors and/or Deficiencies in Electronically Filed Documents, Case No. 14-41229 (April 15, 2015) (Doc. #25). Notice of claim #14-1's deficiency was sent by first class mail to Anna Quarries on April 17, 2015. *See*

[1] The Federal Rules of Bankruptcy Procedure dictate that proofs of claim "shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a).

Bankruptcy Noticing Center Certificate of Mailing, Case No. 14-41229 (April 17, 2015) (Doc. #27). The notice was delivered to Anna Quarries on April 20, 2015.[2]

The same day it received notice of claim #14-1's deficiency—five days after the claims bar date—Anna Quarries filed amended claim #14-2. Claim #14-2 utilizes Official Form 10 and asserts an unsecured claim of $18,950.[3] The Trustee filed an objection to the amended claim, arguing that, as it was filed five days after the claims bar date, it should be barred as untimely. Trustee's Objection to Untimely Filed Claim, and Notice Fixing 30 Day Period [sic] Creditor's Affirmative Response, Case No. 14-41229 (May 1, 2015) (Doc. #33).

In response to the Trustee's objection, Anna Quarries invoked the informal proof of claim doctrine, asserting that, under that doctrine, amended claim #14-2 relates back to the date of the original filing of claim #14-1, and so is not untimely. Creditor/Respondent Anna Quarries' Response to Trustee's Objection to Claim, Case No. 14-41229 (May 29, 2015), at 2 (Doc. #40); Memorandum in Support of Creditor/Respondent Anna Quarries' Response to Trustee's Objection to Claim, Case No. 14-41229 (June 11, 2015), at 2-3 (Doc. #43).

The issue before the Court is whether Anna Quarries' timely filed deficient claim is an "informal" claim pursuant to the "informal proof of claim doctrine." If it is, the creditor's late filed formal proof of claim would relate back to the date the deficient claim was filed and therefore would not be barred as untimely.

---

[2] At the hearing on this matter, counsel for Anna Quarries stated that he does not receive electronic notices through CM/ECF, the electronic case management system for federal cases. Hearing at 9:15, Case No. 14-41229 (June 16, 2015).

[3] This is fifteen cents less than the amount asserted in claim #14-1.

Section 502 of the Bankruptcy Code governs the claims allowance process. Under § 502(b)(9), if an objection is raised against a proof of claim the court must determine the amount of the claim, unless the claim is untimely filed. Enacted by the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106, § 502(b)(9) "was designed to overrule case law holding that tardily filed claims were allowable." 4 *Collier on Bankruptcy* ¶ 502.03[10][a] (16th ed. 2015).

The prohibition of untimely claims imposed by § 502(b)(9) is subject to exceptions contained in relevant provisions of the Federal Rules of Bankruptcy Procedure, as well as two other exceptions contained in § 502(b)(9) not applicable in this matter. Rule 3002 of the Federal Rules of Bankruptcy Procedure prescribes the requirements for filing proofs of claim. Rule 3002(c) states that a proof of claim is timely filed if it is filed within 90 days of the first date set for the § 341(a) meeting of creditors, subject to six exceptions. None of the exceptions, however, are applicable in this matter. Therefore, the bankruptcy procedural rules provide Anna Quarries no relief from § 502(b)(9)'s prohibition of untimely filed claims.

If this matter concerned a mere late filed claim, § 502(b)(9) would be dispositive and claim #14-2 would be barred as untimely filed. Anna Quarries, however, contends that its claim was *not* untimely filed. It asserts, instead, that its timely filed deficient claim was an informal proof of claim and that amended claim #14-2 relates back to its filing. *See* Anna Quarries' Response at 2.

"The informal proof-of-claim doctrine is an equitable doctrine that permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim." *In re marchFIRST, Inc.*, 573 F.3d 414, 418 (7th Cir. 2009). Its purpose is "is to ameliorate strict enforcement of the claims bar date." *In re Wigoda*, 234 B.R. 413, 415 (Bankr. N.D. Ill. 1999). A

document is an informal proof of claim if it (1) was timely filed with the bankruptcy court and became part of the record, (2) states the existence and nature of the debt, (3) states the amount of the claim, and (4) evidences the creditor's intent to hold the debtor liable. *Id.* "Whether an informal proof of claim should be allowed is an equitable determination by the bankruptcy court." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 607 (6th Cir. 2000).

At the hearing on this matter, counsel for the Trustee argued that the Seventh Circuit's decision in *In re Greenig*, 152 F.3d 631 (7th Cir. 1998), precludes the Court from applying the informal proof of claim doctrine in this matter. Hearing at 9:09.[4] The Court disagrees. In *Greenig*, the court held that a claim filed after the 90-day deadline prescribed by Rule 3002(c) is only saved from the bar imposed by § 502(b)(9) if the claimant satisfies one of Rule 3002(c)'s enumerated exceptions. 152 F.3d at 634. Noting that the bankruptcy court in *Greenig* based its ruling on the equities of the case, the Seventh Circuit also opined that "a bankruptcy court 'cannot use its equitable power to circumvent the law.'" *Id.* at 635 (quoting *Carlson v. United States*, 126 F.3d 915, 920 (7th Cir. 1997)). *Greenig*, then, stands for the proposition that a court may allow a late filed claim only to the extent provided for by the exceptions contained in Rule 3002(c), the court's equitable powers notwithstanding.

This Court concedes that *Greenig* impacts the outcome of this matter, but only to the extent that the decision has affected a narrowing of the informal proof of claim doctrine in this

[4] The Trustee also stated that the Court's opinion in *In re Sykes*, 451 B.R. 852 (Bankr. S.D. Ill. 2011), stands for the same proposition. Hearing at 9:10. In *Sykes*, the Court, applying *Greenig*, held that neither lack of notice, nor the doctrine of equitable tolling provide relief from Rule 3002(c) and § 502(b)(9). *Id.* at 856–58, 860–62. Because the *Sykes* decision rested on *Greenig*'s holding that only exceptions contained in the Code or the procedural rules provide relief from the prohibition of late filed claims, *see id* at 857, the Court's discussion of *Greenig*'s effect on the informal proof of claim doctrine applies, as far as is relevant, to *Sykes*, keeping in mind that *Sykes*, as a bankruptcy court opinion, is merely persuasive authority (although highly so).

circuit.[5] For this point, this Court agrees with the court's opinion in *In re Fink*, 366 B.R. 870 (Bankr. N.D. Ind. 2007). In that case, the court was tasked with determining whether an adversary proceeding and a motion for relief from stay and abandonment qualified as informal proofs of claim. *Id.* at 872. The court conducted a thorough analysis of the origins and growth of the informal proof of claim doctrine, noting that the doctrine grew out of post-bar date amendments of defective claims, but that "the principle quickly expanded and was applied with the greatest liberality to the point that anything in the record showing the creditor was owed money could suffice [as an] amendable claim." *Id.* at 875 (internal quotation marks and citations omitted). Under this liberal expansion of the doctrine, objections to confirmation of a debtor's Chapter 13 plan, and even letters from creditors to trustees evidencing the existence of a debt, qualify as informal proofs of claim. *See, e.g.*, *In re Harper*, 138 B.R. 229, 251 (Bankr. N.D. Ind. 1991) (objection to confirmation); *In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285, 1288 (9th Cir. 1986) (letter); *see also* Arpan K. Punyani, Note, *Debtor-Filed Acknowledgments of Creditors' Claims: An Alternative Approach to Proof of Claim in Chapter 13*, 28 Cardozo L. Rev. 511, 529 (2006) (collecting examples of the many "permutations of filings" that courts have determined are informal proofs of claim).

Based on the doctrine's origins and *Greenig*'s strict prohibition of late filed claims, as well as the Seventh Circuit's lack of guidance as to the contours of the doctrine, the *Fink* court concluded that post-*Greenig* the informal proof of claim doctrine in this circuit applies only

---

[5] While the Trustee does not argue that *Greenig* precludes application of the doctrine by the Court in general, it is worth noting that the Seventh Circuit has issued several opinions since *Greenig* in which it has recognized the informal proof of claim doctrine. *See, e.g.*, *In re Outboard Marine Corp.*, 386 F.3d 824, 828-29 (7th Cir. 2004); *In re Boone County Utilities, LLC*, 506 F.3d 541, 544-45 (7th Cir. 2007); *marchFIRST, Inc.*, 573 F.3d at 418.

when a party files a document that is intended to serve as a proof of claim, but which is rendered defective in form. *Id.* at 876. Under this approach, an informal claim is "not to be found in a masquerade in which some other type of relief is sought and then subsequently unmasked to reveal what is argued to have been a proof of claim all along," such as the complaint and motion at issue in that case. *Id.* Therefore, the informal proof of claim doctrine is narrowly applied after *Greenig*. Several courts in this circuit have joined with *Fink*'s understanding of *Greenig*'s effect on the doctrine. *See, e.g.*, *In re Brooks*, 370 B.R. 194, 204 (Bankr. C.D. Ill. 2007); *In re marchFirst, Inc.*, 448 B.R. 499, 509 (Bankr. N.D. Ill. 2011); *In re Batista-Sanechez*, 502 B.R. 227, 230 (Bankr. N.D. Ill. 2013).

With *Greenig*'s effect on the doctrine in mind, this Court concludes that the statement of account filed by Anna Quarries as claim #14-1 is an informal proof of claim. The document satisfies the four-part test referenced above: it was filed with the Court the day before the claims bar date and formed a part of the record; it states the existence and nature of the debt (money owed for goods sold); it states the amount of the claim; and, by way of the fact that it was filed with the Court, it evidences Anna Quarries' intent to hold the debtor liable. Clearly, therefore, claim #14-1 was filed with the intent of asserting a claim against the bankruptcy estate, but was defective because it did not substantially conform to Official Form 10. It is, therefore, precisely the type of informal claim that survives *Greenig*'s narrowing of the doctrine. *See Fink*, 366 B.R. at 876. Accordingly, claim #14-1 is an informal proof of claim and amended claim #14-2, as a valid amendment thereto, relates back to claim #14-1's date of filing.

At the hearing on this matter, counsel for the Trustee argued that attorneys are held to a high standard when filing claims on behalf of their clients, more so than are pro se claimants, and

therefore the late filed claim filed by counsel for Anna Quarries should not be saved by the equitable informal proof of claim doctrine. *See* Hearing at 9:09–10. Counsel's contention is based on a quotation in *Fink* in which the court states that a document that was clearly not originally intended to serve as a proof of claim does not qualify as such. *Id.* at 877. The court continued:

> This is especially so when the filings have been made by sophisticated law firms and experienced bankruptcy practitioners. It is one thing to treat filings made by pro se creditors who may not understand the bankruptcy process with a degree of latitude—precisely the same way that the pleadings filed by pro se litigants are broadly construed so as to preserve the controversy for a disposition on the merits. It is quite another thing, however, when those filings come from attorneys. They are held to a higher standard. Attorneys, particularly experienced bankruptcy practitioners, are expected to know the difference between motions and objections and adversary proceedings and claims, and they are expected to file the appropriate thing at the appropriate time.

*Id.* (internal citations omitted).

The above quotation stresses that attorneys are held to a higher standard as to the form of the alleged informal claim and as to their intent in filing the document. It simply underscores that under the informal proof of claim doctrine post-*Greenig*, attorneys cannot simply miss the claims bar date and then allege that a prior document, which was not originally intended to serve as a claim against the bankruptcy estate, was indeed an informal claim. This higher standard is not imposed, as the Trustee contends, merely when a formal claim is filed after the claims bar date—the whole point of the informal proof of claim doctrine is that late filed formal claims amend timely filed informal claims. Because Anna Quarries' defective claim was filed with the intention of asserting a claim against the bankruptcy estate, counsel for Anna Quarries did not fall below any duty imposed on attorneys after *Greenig*.

Lastly, the Trustee argues that the Court should not allow Anna Quarries' claim because the claim, at over $18,000, will considerably reduce the distribution to the remaining unsecured creditors. Hearing at 9:13–14. To be sure, the policy behind disallowing late filed claims is "to prevent prejudice to timely filed claim holders by preventing late-filed claims from unfairly reducing the distribution to those claim holders who timely filed." *In re Wilson*, 274 B.R. 4, 11 n.8 (Bankr. D. D.C. 2001). That being said, "the fact that other creditors in [a] case will receive a smaller distribution than they would [otherwise] does not establish the kind of 'prejudice' which would preclude [an] amendment" to a claim, *In re Dietz*, 136 B.R. 459, 469 (Bankr. E.D. Mich. 1992), otherwise "amendments would rarely be permitted, since other creditors will nearly always receive a reduced dividend" when a claim is amended, *id.* at 469 n.17. When the claim to be amended is a timely filed informal claim, the equitable considerations that undergirded the decision to define the claim as such also preclude disallowance merely because creditors' dividends will be reduced.

Based on the foregoing, it is clear that claim #14-1 was an informal claim. Accordingly, formal claim #14-2 relates back to the date claim #14-1 was timely filed, and so is not barred as untimely. While the Court acknowledges that the informal proof of claim doctrine is narrow after *Greenig*, it is clear to the Court that the statement of account filed by Anna Quarries as claim #14-1 satisfies the limited contours of the doctrine. Accordingly, the Trustee's objection is overruled.

SEE ORDER ENTERED THIS DATE

ENTERED: July 7, 2015

/s/ William V. Altenberger

UNITED STATES BANKRUPTCY JUDGE